ORIGINAL
FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 AUG -7 A 9:03
CLERK BMcCarthy

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| HERRACIAL GUNN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | CV 307-079 |
| DON JARRIEL, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed.

Plaintiff objects to the portions of the R&R recommending dismissal of Defendants Gay, Jarriel, and Sanders, as well as all official capacity claims for monetary damages.[1] (Doc. no. 18, p. 1). Plaintiff contends that, although he notified Defendant Jarriel that he was not receiving adequate medical treatment and that the medical staff was not following his

---

[1] Specifically, the Magistrate Judge determined that, because the Eleventh Amendment bars official capacity claims against state prison officials for monetary damages and Plaintiff's allegations relate to actions undertaken by Defendants while performing functions as state prison officials, Plaintiff's official capacity claims for monetary damages should be dismissed. (Doc. no. 12, pp. 3-4). Furthermore, the Magistrate Judge concluded that, because Plaintiff merely alleged in a conclusory fashion that Defendant Gay failed to follow his surgeon's treatment plan, Plaintiff failed to allege an affirmative causal connection between Defendant Gay's actions and the alleged constitutional deprivation. (Id. at 6-8). Finally, the Magistrate Judge determined that Defendants Jarriel and Sanders should be dismissed because, *inter alia*, Plaintiff failed to allege a "causal connection" between them and the alleged constitutional violations. (Id. at 9-11).

surgeon's treatment plan,[2] Defendant Jarriel failed to act and disregarded an excessive risk to his health. (Id. at 4-6). Furthermore, Plaintiff maintains that, because Defendants Jarriel and Sanders did not act after he informed them that the medical staff was not following his surgeon's treatment plan, they failed to perform their duties. (Id. at 6-7). Moreover, Plaintiff concludes that, because he did "all he could do to let the supervisory officials know" that the medical staff was not following his surgeon's treatment plan, they should be held responsible for the alleged deliberate indifference of other individuals. (Id. at 9-11). Plaintiff also reasserts that Defendant Gay was deliberately indifferent because she failed to follow "the qualified [d]octor[']s treatment plan." (Id. at 7).

Plaintiff's objections are without merit. As the Magistrate Judge correctly noted, the Eleventh Amendment bars official capacity claims against state prison officials for monetary damages. (Doc. no. 12, pp. 3-4 (citing Kentucky v. Graham, 473 U.S. 156, 169 (1985))). As Plaintiff does not object to the Magistrate Judge's determination that his allegations relate to actions undertaken by Defendants while performing functions as state prison officials, his objection to the dismissal his official capacity claims for monetary damages is unfounded. Furthermore, although Plaintiff goes to great pains to describe his surgeon's treatment plan and how it was allegedly ignored (doc. no. 18, p. 8, Exs. B & C), he has failed to allege an affirmative causal connection between Defendant Gay's actions and the alleged constitutional deprivation. (Doc. no. 12, pp. 6-8 (citing, *inter alia*, LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993))). Finally, the Magistrate Judge correctly concluded that

---

[2]Plaintiff alleges that, on November 16, 2005, he underwent surgery to repair his injured right shoulder and that he was provided with a treatment plan, which included follow-up appointments, restricted use of his shoulder, and utilization of a brace. (Doc. no. 1, pp. 5-6).

2

Plaintiff fails to allege the necessary "causal connection" between Defendants Jarriel and Sanders and the alleged constitutional deprivation. (Id. at 9 (citing Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986))). Despite Plaintiff's contention that these Defendants failed to act after he complained about his medical treatment (doc. no. 18, pp. 4-7 & 9-11), he does not proffer any facts suggesting that they directed anyone to act unlawfully, that they knew anyone would act unlawfully and failed to stop them, that they were responsible for a custom or policy affecting his medical treatment, or that they were aware of any widespread abuses related to the medical treatment of inmates. In this regard, the Magistrate Judge correctly noted that supervisory officials must rely on their subordinate professionals to make competent medical decisions. (Doc. no. 12, p. 9). Simply put, Plaintiff has failed to state a claim against Defendants Jarriel or Sanders based on their respective supervisory positions.

In conclusion, the R&R is **ADOPTED** as the opinion of the Court. Therefore, Defendants Gay, Jarriel, and Sanders, as well as all official capacity claims for monetary damages are **DISMISSED** from this case.

SO ORDERED this 7th day of August, 2008, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

3