ORIGINAL
FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 DEC 16 A 9 42
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| HERRACIAL GUNN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 307-079 |
| DAVID MCNEAL, et al., | ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, formerly incarcerated at Bostick State Prison in Hardwick, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and was granted permission to proceed *in forma pauperis* ("IFP"). (Doc. no. 3). On May 30, 2008, Plaintiff's complaint was screened in conformity with the IFP statute, (doc. no. 12), and on August 7, 2008, the Honorable Dudley H. Bowen, Jr., United States District Judge, dismissed Defendants Gay, Jarriel, and Sanders, as well as Plaintiff's official capacity claims for monetary damages. (Doc. no. 22). Service was effected on the remaining Defendants on July 16, 2008, (doc. nos. 16, 17), who then filed their first motion to dismiss based on failure to exhaust administrative remedies, res judicata, and failure to state a claim upon which relief may be granted. (See generally doc. no. 21).

Thereafter, Plaintiff was released from incarceration, and in an Order dated October 1, 2008, the Court revoked his IFP status. (Doc. no. 35, p. 1). In the same Order, the Court

directed Plaintiff to submit the balance of the $350.00 filing fee or motion to proceed IFP within twenty (20) days if he wished to pursue his case. (Id. at 2). Plaintiff was warned that if no response was timely received, the Court would presume he desired to have his case voluntarily dismissed and would recommend dismissal of his case without prejudice. (Id.). Plaintiff failed to respond, and on November 13, 2008, the Court granted Plaintiff an additional ten (10) days to respond to the Court's October 1, 2008 Order. (Doc. no. 38). The time to respond has expired, and Plaintiff has still failed to respond to the Court's Orders. Defendants have since filed a second motion to dismiss for failure to comply with the Court's Orders. (Doc. no. 40). The Court resolves the matter as follows.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to respond to the Court's Orders amounts not only to a failure to prosecute, but also an abandonment of

2

his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff was previously proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd.of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it. Because the Court is recommending dismissal of Plaintiff's case for failure to prosecute *sua sponte*, it also recommends that Defendants' motions to dismiss be deemed moot.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that Defendants' motions to dismiss be deemed **MOOT** (doc. nos. 21, 40), that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of December, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3